**In re Joan Elizabeth REIDENBACH, Debtor.**

**Bankruptcy No. 85–02060.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 4, 1986.

Elizabeth J. Reidenbach, Perrysburg, Ohio, James M. Perlman, Toledo, Ohio, for debtor.

John C. Intagliata, Toledo, Ohio, for ITT Financial Services.

## ORDER DENYING DEBTOR'S APPLICATION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

■ This matter is before the court upon the application of the Debtor, Elizabeth Joan Reidenbach, for approval of a Reaffirmation Agreement pursuant to 11 U.S.C. § 524(c)(6). The court finds that the Debtor's application is inappropriate and that it should be denied because the mere fact that her attorney of record was not involved in negotiating the terms of the Reaffirmation Agreement does not mean that she was not represented by an attorney during the course of ·negotiating the agreement.

## DISCUSSION

Section 524(c) provides as follows:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)(A) *in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement* under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property. (Emphasis added.)

The Debtor believes her case turns on the interpretation of the phrase "represented by an attorney during the course of negotiating an agreement." Her reading of that phrase would mean that any time a Debtor did not have the attorney of record involved in the process of negotiating the Reaffirmation Agreement then that Debtor should be deemed as being "unrepresented by counsel." Not only does the court disagree with the Debtor's interpretation of § 524(c)(6), it also finds that it is not the sole issue in this case.

The court understands § 524(c)(6) to mean that if the Debtor has no counsel of record at the time of the execution of the Reaffirmation Agreement then it is the court's duty to ascertain if such an agreement is in the best interests of the Debtor and that it does not impose an undue hardship. When, as in the case sub judice, a Debtor has an attorney file the petition and the attorney has continued to represent the Debtor at each step of the Bankruptcy, including the discharge hearing, the court cannot without great difficulty find that during a period of time when the Debtor did not have the attorney physically present or directly involved in the negotiations that he or she was at that moment not represented by counsel. Accordingly, the court finds that the Debtor was represented by counsel while the Reaffirmation Agreement was being negotiated. How-

ever, this finding does not solve what the court sees as the real problem presented by § 524.

One of the difficulties with § 524 is that either wary or indolent attorneys may try to avoid their responsibilities by telling their clients they should negotiate their own Reaffirmation Agreements and then submit them to the court claiming that they were unrepresented by counsel during the course of the negotiation. The court will not permit attorneys to negate the will of Congress by such tactics. To prevent circumnavigation of § 524 by unscrupulous attorneys the court could insist that every Debtor who has an attorney of record be precluded from involving the court under § 524(c)(6). However, that action would penalize conscientious attorneys who have a genuine problem with this section of the Code. Attorneys who do advise their clients that the terms of the Reaffirmation Agreement are not in their best interests may find themselves faced with a client who insists that they want the new agreements regardless of what their attorney advises. The court believes that it should not force the attorney to choose between giving in or sending the client away by flatly refusing to become involved with a Debtor who has an attorney. Such drastic action can be avoided without running afoul of the purpose of the Code.

Following the mandate of § 524 the court insists that the Debtor's attorney become familiar with the terms of the Reaffirmation Agreement in order to determine whether or not to file the affidavit or declaration pursuant to subsection (c)(3). In the vast majority of cases the Debtor will adhere to the advice of counsel thereby placing the burden on the attorney and away from the court as was anticipated by the Code. In those cases where the Debtor refuses to listen to the advice of counsel the court will require a statement to be filed by the attorney explaining why he or she cannot submit the affidavit or declaration pursuant to § 524(c)(3). Requiring this statement insures that attorneys are abiding by the Code.

■ Under this ruling there are two situations that will require court approval of Reaffirmation Agreements. Naturally, one situation is where the Debtor does not have an attorney of record. The other one will be where the application for approval is accompanied by a statement from the attorney that provides clear evidence that the Debtor was advised on the matter and the reason why the agreement was opposed. The court believes that this method will guard against those attorneys who would shirk their duty while at the same time protecting those who diligently follow the Code and faithfully perform their professional responsibilities to their clients.

In light of the foregoing, it is hereby

ORDERED that the Debtor's application for approval of a Reaffirmation Agreement be, and it hereby is, denied. It is further

ORDERED that the Debtor be, and hereby is, granted leave to refile her Reaffirmation Agreement with the necessary affidavit or declaration of her attorney pursuant to § 524(c)(3). It is further

ORDERED that, in the alternative, the Debtor be, and hereby is, granted leave to file an application for court approval of the Reaffirmation Agreement which shall be accompanied by a "Statement of Debtor's Attorney in Opposition to Proposed Reaffirmation Agreement." It is further

ORDERED that in the event that the Debtor does not file either of the above on or before April 21, 1986, the Debtor be granted her discharge on April 22, 1986.